A. W. & E. P. CLEGG v. COUNTY OF GALVESTON.
(No. 1161, Op. Book No. 3, p. 56.)

APPEAL from Galveston County.   Opinion by ECTOR, P. J.

§ 58. *Limitation; tax levied and assessed not " an account."* A tax when levied and assessed is not a suit founded on "an account" in the sense in which those terms are used in our statute of limitation, and is therefore not barred in two years.

§ 59. *Tax may be collected by suit.* Taxes assessed upon property may be collected by suit, as well as in the manner provided by statute. [Clegg v. The State, 42 Tex. 605; Texas Banking & Insurance Co. v. The State, 42 Tex. 636.]

§ 60. *Evidence; tax rolls.* A consolidated assessment roll for the year 1871, made up under the directions of the

justices of the peace of Galveston county, as required by instructions of the comptroller, and coming from the proper repository thereof, was held to be competent evidence in a suit to recover taxes shown thereby to be due; although said roll did not appear to be certified as required by the instructions of the comptroller. [1 Greenl. Ev. secs. 484, 485.]

§ 61. *Evidence; delinquent lists.* Suits against delinquent tax-payers are not required to be brought upon a delinquent list. The requirements of the statute regulating the manner in which lists of delinquent tax-payers shall be made out and reported to the comptroller are merely directory, and the facts to be established by such lists may be proved by other appropriate and satisfactory evidence. [Clegg v. The State, 42 Tex. 605.]

§ 62. *Road and bridge tax is a county tax.* The road and bridge tax authorized and provided for by sec. 46, art. 12, of the constitution of 1869, and § 5, act of April 22, 1871, is a county and not a state tax.

§ 63. *Term of court; continuance of.* When a court is organized and opened for a regular term, the term continues until it is ended by an order of final adjournment, or until the time prescribed by law for its continuance has expired; and the sessions or sittings of the court during the term are entirely within the discretion and control of the court. [Labadie v. Dean, 47 Tex. 100.]

June 11, 1879.                                    Affirmed.